IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANNE MARIE BAGBY,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

No 3:10-CV-1581-PK

OPINION & ORDER

HERNÁNDEZ, District Judge:

     Magistrate Judge Papak issued a Findings and Recommendation [37] on September 17, 2015, in which he recommends that this Court deny Plaintiff Anne Marie Bagby's application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

     Plaintiff filed timely objections to the Magistrate Judge's Findings & Recommendation. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's

1 – OPINION & ORDER

report.  28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff objects to Judge Papak's finding that the Commissioner's position in the underlying proceeding was substantially justified. For the reasons that follow, the Court agrees with Plaintiff and declines to adopt the Findings & Recommendation.

## BACKGROUND

Plaintiff sought review of the Commissioner's final decision to deny her supplemental security income disability benefits. On February 7, 2012, Judge Papak recommended that the Commissioner's decision be affirmed and, on April 3, 2012, this Court adopted Judge Papak's recommendation without modification. On April 12, 2012, Plaintiff appealed this Court's decision to the Ninth Circuit Court of Appeals.

On April 9, 2015, the Ninth Circuit issued a memorandum opinion, affirming in part and reversing in part this Court's decision. Bagby v. Comm'r of Soc. Sec., 606 F. App'x 888 (9th Cir. 2015). The Ninth Circuit held that the administrative law judge's (ALJ's) residual functional capacity (RFC) determination failed to incorporate Dr. Stuckey's finding that Plaintiff faced moderate limitations in her ability to "respond appropriately to usual work situations and to changes in a routine work setting."[1] Id. at 890. The Ninth Circuit explained:

> The ALJ's RFC assessment limited Bagby to "simple, repetitive tasks," no contact with the public, and "occasional interaction with coworkers." It did not reflect Dr. Stuckey's finding that Bagby was limited in her ability to "[r]espond appropriately to usual work situations and to changes in a routine work setting." This is distinct from Bagby's limited ability to interact with others, to understand, remember, and follow "complex instructions," and to "make judgments on complex work-related decisions." See 20 C.F.R. § 416.921(b) (describing "basic work activities" to include, separately, "(3) Understanding, carrying out, and remembering simple instructions; ... (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting").

---

[1] Mark Stuckey, Ph.D., performed a psychological evaluation of Plaintiff on July 8, 2008. Tr. 26, ECF 9-1, at 29. The ALJ fully credited Dr. Stuckey's opinion. Id. at 30.

2 – OPINION & ORDER

> Because the RFC assessment failed to include all of Bagby's credible limitations, the ALJ posed an incomplete hypothetical to the vocational expert. See DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). On remand, the RFC assessment must incorporate all of Bagby's credible limitations.

Id.

On June 9, 2015, this Court remanded the case to the Commissioner for further proceedings consistent with the Ninth Circuit's memorandum opinion. On August 20, 2015, Plaintiff submitted an application for $14,008.19 in fees pursuant to EAJA.

## STANDARDS

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." Perez–Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the sole issue is whether the government's position was substantially justified.[2]

"It is the government's burden to show that its position was substantially justified." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (citing Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)). "Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)) "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Pierce, 487 U.S. at 565, 108 S.Ct. 2541). "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." Id. Thus, if

---

[2] The only objection the Commissioner raised to Plaintiff's fee request was that "the government's position was 'substantially justified.'" Def.'s Resp. to Pl.'s Mot. Atty. Fees 2, ECF 35. The Commissioner did not dispute that Plaintiff is the prevailing party and that the requested fees are reasonable.

3 – OPINION & ORDER

the government's underlying position was not substantially justified, the court "need not address whether the government's litigation position was justified." Id. at 872; see also Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014).

"Given the significant similarity between [the substantial evidence standard] and the substantial justification standard . . . holding that the agency's decision was unsupported by substantial evidence is a strong indication that the 'position of the United States' was not substantially justified." Id. (internal quotation omitted); Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a "decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." (emphasis added) (internal quotation omitted); Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir. 1988) (holding that "a lack of substantial evidence indicates, but does not conclusively establish, that the government's position concerning a claim was not substantially justified").

## DISCUSSION

Judge Papak determined that "the government's position, although erroneous, was substantially justified." Findings & Recommendation (F&R) at 6, ECF 37. While this Court adopted Judge Papak's affirmance of the ALJ's decision to deny benefits to Plaintiff, in light of the Ninth Circuit's reversal of that decision, this Court is unable to agree that the Government's position was substantially justified.

The Ninth Circuit recently issued a memorandum opinion that guides this Court's decision in this case.[3] In Martin v. Comm'r of Soc. Sec. Admin., 598 F. App'x 485 (9th Cir.

---

[3] Pursuant to 9th Circuit Rule 36–3, Martin is not precedent, but may be cited by this Court. See also FRAP 32.1. The Court accordingly cites Martin not for its precedential value, but because it finds the 9th Circuit's reasoning persuasive.

4 – OPINION & ORDER

2015), Mr. Martin appealed the district court's order denying his motion for attorney's fees under EAJA. Id. at 486. The Ninth Circuit explained that:

> Martin sought attorneys' fees after this court issued a memorandum disposition reversing in part the district court's summary judgment and remanding with instructions for the district court to remand to the Commissioner. In Martin's prior appeal, we concluded that the ALJ "erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated [an examining physician's] opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it." We thus held that the ALJ's decision was not supported by substantial evidence.

Id. (citations omitted). Because the RFC failed to include the examining physician's limitation, the ALJ's decision was not substantially justified. See also Shafer v. Astrue, 518 F.3d 1067, 1069–72 (9th Cir. 2008) (reversing the district court's denial of EAJA fees where the ALJ erred in rejecting, without explanation, a non-examining doctor's opinion, in contravention of governing regulations requiring ALJ to evaluate every medical opinion received). The Ninth Circuit concluded that the Martin case was not one of those "decidedly unusual" cases in which there is substantial justification under EAJA even though the agency's decision was reversed for a lack of substantial evidence. Id. at 487 (quoting Meier, 727 F.3d at 872).

      Here, the Ninth Circuit determined that the ALJ failed to craft an RFC that included all of Plaintiff's credible limitations and, therefore, posed an incomplete hypothetical to the vocational expert. Bagby, 606 F. App'x at 890. When an ALJ poses a hypothetical to a vocational expert, the hypothetical must outline all of the credible limitations of the particular claimant. Id. (citing DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). If the hypothetical does not reflect all of the claimant's limitations, the vocational expert's testimony "has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." DeLorme, 924 F.2d at 850. Accordingly, the failure to include a credible limitation requires remand for reconsideration after the record is developed. Id. Furthermore, the Commissioner's decision to

5 – OPINION & ORDER

defend such an error is not substantially justified. Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995), as amended on denial of reh'g (June 5, 1995).

Because the Ninth Circuit determined that Plaintiff's moderate limitation in her ability to respond appropriately to work situations and adapt to change was not effectively captured by the RFC's limitation to "simple, repetitive tasks," no contact with the public, and "occasional interaction with coworkers," the Ninth Circuit found that the ALJ's decision lacked a reasonable basis in law. It follows that the ALJ's decision, as well as the Commissioner's decision to defend this error, was not substantially justified. Tobeler v. Colvin, 749 F.3d 830, 833 (9th Cir. 2014) (an agency's decision lacks substantial justification when it is "contrary to clearly established law") (citing Li v. Keisler, 505 F.3d 913, 920–21 (9th Cir. 2007)).

The Commissioner cites other cases where courts have found that "moderate" restrictions or limitations do not equate to a reduction in functioning that needs to be reflected in the ALJ's findings. See, e.g., Rounds v. Comm'r of Soc. Sec. Admin., 795 F.3d 1177, 1185-86 (9th Cir. 2015); Hoopai v. Astrue, 499 F.3d 1071 (9th Cir. 2007). However, these cases are inapposite.[4] Here, the Ninth Circuit expressly found that the ALJ erred by fully crediting Dr. Stuckey's opinion but excluding two of Plaintiff's moderate limitations. Bagby, 606 F. App'x at 890. In other words, unlike Rounds or Hoopai, in this case the Ninth Circuit held that Plaintiff's limitations, even if moderate, needed to be reflected in the RFC.

But for the Ninth Circuit's opinion in this case, this Court would agree with Judge Papak that the ALJ's findings had a reasonable basis in law and fact. However, as Judge Papak notes, the Ninth Circuit held that it was error for the ALJ to find as a matter of law that his findings

---

[4] Even if the cases were analogous, the fact that other courts agreed or disagreed with the Commissioner's position does not establish whether its position was substantially justified. See Pierce v. Underwood, 487 U.S. 552, 569, 108 S. Ct. 2541, 2552, 101 L. Ed. 2d 490 (1988).

completely incorporated all of Plaintiff's limitations. See F&R at 6, ECF 37. This Court's reading of the Ninth Circuit's decision compels a finding that the Government's position was not substantially justified and that, therefore, Plaintiff is entitled to EAJA fees.

## CONCLUSION

The Court declines to adopt Judge Papak's Findings & Recommendation [37]. Plaintiff's Application for Fees Pursuant to EAJA [32] is GRANTED. Plaintiff is awarded fees in the amount of $14,008.19.

IT IS SO ORDERED.

Dated this ___30___ day of ___OCTOBER___, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge